**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA**,

v. Criminal No. **3:23CR110 (RCY)**

**HOWARD LEE STITH JR.,**

Petitioner.

## MEMORANDUM OPINION

Howard Lee Stith Jr., a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 59).[1] The Government has filed a Motion to Dismiss the § 2255 Motion. ECF No. 66. Although the Court provided Stith with the notice required under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 60, at 1, Stith has not filed any response. For the reasons explained below, the § 2255 Motion will be DENIED as barred by the statute of limitations.

## I. BACKGROUND

On August 16, 2023, a grand jury returned a thirty-count Indictment against Stith, charging him with (1) twenty-one counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Twenty-One); (2) one count of filing a false tax return, in violation of 26 U.S.C. § 7206(1) (Count Twenty-Two); (3) three counts of evasion of tax assessment, in violation of 26 U.S.C. § 7201 (Counts Twenty-Three through Twenty-Five); (4) three counts of failure to file income tax return, in violation of 26 U.S.C. § 7203 (Counts Twenty-Six through Twenty-Eight); and (5) two counts of making a false statement to a financial institution, in violation of 18 U.S.C. §§ 1014 and 2 (Counts Twenty-Nine and Thirty). ECF No. 3, at 15–30.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from Stith's submissions.

On January 18, 2024, pursuant to a written Plea Agreement with the United States, ECF No. 38, Stith appeared in Court and pleaded guilty to Counts One, Eleven, and Twenty-Two of the Indictment. *See* ECF No. 37. On May 14, 2024, the Court entered Judgment and sentenced Stith to eighty-four months of incarceration. ECF No. 52, at 2. Specifically, the Court sentenced Stith to serve eighty-four months as to Count One, eighty-four months as to Count Eleven, and thirty-six months as to Count Twenty-Two, with the terms to be served concurrently. *Id.* On June 4, 2024, the Court entered an Amended Restitution Order, directing Stith to pay restitution in the amount of $2,400,577.14. ECF No. 54, at 1. Stith did not appeal.

On June 30, 2025, the Court received from Stith a letter dated June 22, 2025, in which Stith inquired as to "the status of [his] 2255 motion," which he claimed to have "sent . . . to the Court in August 2024." ECF No. 56. In response, the Clerk of Court provided Stith a copy of the docket sheet, which showed no evidence of the Court ever having received such a motion. *See* ECF No. 56-2. Stith then filed a letter requesting "a nunc pro tunc order to allow [him] to refile [his] 2255 motion." ECF No. 57, at 1. Observing that Stith had not appended a § 2255 motion to his letter and that "no case or controversy exists before a § 2255 motion is actually filed," the Court denied Stith's request but directed the Clerk to mail him a standardized form for filing a § 2255 motion. ECF No. 58, at 1–2.

On July 30, 2025, Stith filed his § 2255 Motion. ECF No. 59, at 7.[2] He responded "No" to a question inquiring whether he had "previously filed any other motions, petitions, or applications concerning [his] judgment of conviction." *Id.* at 2. He left blank the section directing

[2] This is the date that Stith indicates that he placed his § 2255 Motion in the prison mailing system. ECF No. 59, at 7. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

petitioners to explain "why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." *Id.* at 6. He identified two claims for relief:

Claim One "Ineffective Assistance of Counsel

Counsel was ineffective for failing to object and challenge the restitution amount, after I instructed him to do so." *Id.* at 4.

Claim Two "Ineffective Assistance of Counsel

Counsel was ineffective for failing to object and challenge the guideline range, after I instructed him to do [so]." *Id.* at 5.

As explained below, Stith's claims are barred by the relevant statute of limitations and will therefore be DISMISSED.

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

**1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Court entered judgment against Stith on Tuesday, May 14, 2024, the date of sentencing. *See* ECF No. 52. Because Stith did not appeal, his convictions became final on Tuesday, May 28, 2024. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment).[3] Accordingly, Stith had until Wednesday, May 28, 2025, to file any motion under 28 U.S.C. § 2255. He did not do so until July 30, 2025. As a result, the § 2255 Motion is untimely unless Stith demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or some equitable basis for avoiding the limitation period. But he has failed to do so. Indeed, although Stith initially stated that he had filed a motion under § 2255 in August 2024, he later declared under penalty of perjury in his § 2255 Motion that he had not filed any previous motion. *See* ECF No. 59, at 7. Stith also failed to offer any explanation as to the untimeliness of his § 2255 Motion in the motion itself and did not respond to the untimeliness arguments raised in the Government's Motion to Dismiss. Thus, Stith has failed to offer any reason why his § 2255 Motion should be deemed timely filed.

[3] The Court's subsequent entry of an Amended Restitution Order does not toll the limitation period. *See* 18 U.S.C. § 3664(o) ("A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that . . . such a sentence can subsequently be . . . amended."); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) ("[A] judgment that includes a sentence but leaves the amount of restitution open is sufficiently final for appellate purposes." (citations omitted)). In any event, consistent with the reasoning in this opinion, the § 2255 Motion would be untimely even if the limitation period began on June 18, 2024, fourteen days after entry of the Amended Restitution Order was entered.

Accordingly, the § 2255 Motion (ECF No. 59) is barred by the statute of limitations and will be DENIED.

## III. CONCLUSION

For the reasons set forth above, the § 2255 Motion (ECF No. 59) will be DENIED. The Government's Motion for Extension of Time (ECF No. 65) will be GRANTED and the Motion to Dismiss (ECF 66) will be deemed timely filed. The Motion to Dismiss (ECF No. 66) will be GRANTED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 23, 2026
Richmond, Virginia